JOHN LAWLOR (JL3258)
129 Third Street
Mineola, NY 11501
Tel.: (516) 248-7700
Fax: (516) 742-7675
Email: JLaw672@aol.com

Donald F. Drummond (CA SBN 52986)(Pro Hac Vice)
Bridget B. Laurent (CA SBN 188394) (Pro Hac Vice)
DRUMMOND & ASSOCIATES
201 Mission St., Suite 1330
San Francisco, CA 94105
Tel: 415 -433-2261
Fax: 415-438-9819
Email: buldogdrum@drummondlaw.net
          blaurent@drummondlaw.net

Attorney for Defendant Lyris Technologies Inc.; and Defendants and Counterclaimants Lyris, Inc., and Hot Banana Software, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STREETBRAINS.COM, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LYRIS, INC., a Delaware Corporation; )<br>LYRIS TECHNOLOGIES, INC., a Delaware )<br>Corporation; and HOT BANANA )<br>SOFTWARE, INC., a Canadian Corporation, )<br>)<br>Defendants. )<br>)<br>and related Counterclaims. )<br>) | Case No. 09 CV 1980 (SAS)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br>**[F.R.C.P. 41(b)]** |

Defendants Lyris, Inc., Lyris Technologies, Inc. and Hot Banana, Inc. ("Defendants") respectfully submit the following memorandum of points and authorities in support of their motion to dismiss the Complaint of plaintiff Streetbrains.com, LLC ("Plaintiff" or "Streetbrains").

Drummond & Associates
201 Mission St., Suite 1330
San Francisco, CA 94105
415 -433-2261
Fax: 415-438-9819

1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT [No. 09 CV 1980 (SAS)]

## I.   INTRODUCTION

This action arises out of the desperate attempt by Plaintiff to avoid the consequences of its failure to pay for services rendered by one of its primary vendors, and to force the vendor to continue providing those services without payment for the same.  Having unsuccessfully sought in New York state court to enjoin Defendants from terminating their services to Plaintiff in response to Plaintiff's breach by nonpayment, and now having its counsel in this case withdraw for the same reason, Plaintiff has effectively abandoned its claims.  Accordingly, Defendants respectfully request that the Complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.   STATEMENT OF FACTS

On or about April 21, 2007, Streetbrains entered into a written Customer License Agreement with Defendant  Hot Banana Software, Inc., a Canadian corporation ("Hot Banana"), pursuant to which Hot Banana would provide certain website hosting and development services to Streetbrains (the agreement is referred to herein as the "CLA").   Over the parties' approximately two-year relationship that followed, Streetbrains failed to pay $107,543.76 (CAD) in Hot Banana invoices relating to those services.  Lyris, Hot Banana's parent corporation, terminated the parties' agreement for Streetbrains' breach.  On or about February 19, 2009, Streetbrains commenced an in the Supreme Court of the State of New York in and for the County of New York, entitled *StreetBrains.com, LLC, v. Lyris, Inc. et al*, as case number 650088/2009, seeking to enjoin Defendants from ceasing to provide services under the CLA.   The New York state court declined to grant preliminary injunctive relief.

On March 4, 2009, Defendants removed the action to this Court based on the parties' diversity.  On October 30, 2009, Streetbrains' counsel moved to withdraw from the case for non-payment.  Their motion was granted on December 9, 2009.

During the May 20, 2010 telephonic hearing after the motion to withdraw was granted in this case, Judge Scheindlin advised Plaintiff's managing member, Larry Margolis, that if Streetbrains did not obtain new counsel, the complaint would be subject to dismissal for failure

Drummond & Associates
201 Mission St., Suite 1330
San Francisco, CA 94105
415 -433-2261
Fax: 415-438-9819

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT [No. 09 CV 1980 (SAS)]

to prosecute.[1]  (Decl. Laurent at ¶ 2.)  Mr. Margolis responded that he understood and had no intention of hiring new counsel.  (*Id*.)  Consistently with this response, Streetbrains has not associated new counsel as of the filing of this motion.

### III.    ARGUMENT

Rule 41 of the Federal Rules of Civil Procedure[2] provides that a defendant "may move to dismiss the action or any claim against it" if the plaintiff fails to prosecute, or to comply with the rules or any court order.  F.R.C.P. 41(b).  Plaintiff Streetbrains' failure to obtain counsel after this Court's express instruction constitutes such a failure to prosecute pursuant to Rule 41(b), and the Complaint in this action should therefore be dismissed.

"[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2nd Cir. 1983).  As the Second Circuit further explained in *Jones*:

> The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread. *See, e.g., Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824) ("[a] corporation ... can appear only by attorney' );" *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed.Cir.1983) (per curiam); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir.1983) (per curiam); *Southwest Express Co. v. ICC, supra*, 670 F.2d at 55; *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir.1976) (per curiam); *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32, 33-34 (7th Cir.1976) (per curiam); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir.1969) (per curiam); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir.1966) (per curiam). The reasons for requiring that an attorney appear are thoroughly discussed in the above cases. In summary, they are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or vexatious claims. *See Model Code of Professional Responsibility* DR 7-102(A) (1 & 2) (1976).

---

[1]    Judge Scheindlin also explained that Streetbrains would be subject to default on the Counterclaim for the same reason. (Decl. Laurent at ¶ 2.)

[2]    All further rule references in this Memorandum are to the Federal Rules of Civil Procedure, unless otherwise expressly noted.

DRUMMOND & ASSOCIATES
201 Mission St., Suite 1330
San Francisco, CA 94105
415-433-2261
Fax: 415-438-9819

3

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT [No. 09 CV 1980 (SAS)]

*Jones*, 722 F.2d at 22.

"[B]ecause a limited liability company is a hybrid of the partnership and corporate forms, [citation] a limited liability company also may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007)[non-lawyer sole member of LLC may not represent company in federal court], *citing Bischoff v. Boar's Head Provisions Co.*, 436 F.Supp.2d 626, 631-32 (S.D.N.Y.2006).  *See also*, *Bell v. Manhattan Motorcars, Inc.*, – F.Supp.2d –, 2009 WL 111467 (S.D.N.Y., January 16, 2009)[dismissing complaint for LLC's failure to obtain counsel].  Thus, a limited liability company plaintiff's failure to obtain counsel renders the entity unable to appear at all, and justifies dismissal for failure to prosecute.  *See Bell*, 2009 WL 111467 at *1.  *See also*, *Jones*, 722 F.2d at 22 [corporation's appeal dismissed for failure to appear through counsel].

In this case, the Court expressly informed Streetbrains that it must obtain new counsel in order to proceed in the action. (Decl. Laurent at ¶ 2.)  Plaintiff responded that regardless, it would not be hiring new counsel, and it has not done so. (*Id*.)   Accordingly, the Complaint is subject to dismissal for failure to prosecute.  *Bell*, 2009 WL 111467 at *1.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: February 14, 2011                    DRUMMOND & ASSOCIATES

By:     /s/ Bridget B. Laurent
Bridget B. Laurent
Attorneys for Defendant Lyris Technologies Inc.;
and Defendants and Counterclaimants Lyris, Inc.,
and Hot Banana Software, Inc.

Drummond & Associates
201 Mission St., Suite 1330
San Francisco, CA 94105
415 -433-2261
Fax: 415-438-9819

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT [No. 09 CV 1980 (SAS)]