UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STREETBRAINS.COM, LLC,

          Plaintiff,

- against -

LYRIS, INC., a Delaware Corporation;
LYRIS TECHNOLOGIES, INC., a
Delaware Corporation; and HOT BANANA
SOFTWARE, INC., a Canadian
Corporation,

          Defendants.

------------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

09 Civ. 1980 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

      Plaintiff Streetbrains.com, LLC ("Streetbrains"), a limited liability company, commenced an action against defendants Lyris, Inc., Lyris Technologies, Inc., and Hot Banana Software, Inc. ("Hot Banana") in the Supreme Court of the State of New York, New York County. In that action, Streetbrains sought to enjoin defendants from ceasing to provide services under a Customer License Agreement between Streetbrains and Hot Banana.

      On March 4, 2009, defendants removed the state court action to this Court based on diversity jurisdiction. On October 30, 2009, plaintiff's counsel

1

moved to withdraw from the case. On December 9, 2009, counsel's motion was granted. According to the Scheduling Order issued on April 17, 2009, the discovery deadline was December 31, 2009, and the Joint Pretrial Order was due February 10, 2010. However, after plaintiff's counsel withdrew, there was a complete cessation of activity on plaintiff's part.

I held a telephone conference with plaintiff's managing member, Larry Margolis, and defendants' counsel on May 20, 2010. During that conference, I informed Margolis that a limited liability company could not appear *pro se* in an action in federal court. Accordingly, I instructed Margolis that if Streetbrains did not obtain new counsel, the action would be dismissed for failure to prosecute. Margolis responded that he understood what I had told him but had no intention of hiring new counsel. To date, Streetbrains has failed to retain new counsel. In light of this failure, defendants have moved to dismiss this action for failure to prosecute. Defendants also seek a default judgment in the amount of $116,667.69, with regard to the Counterclaim filed on May 1, 2009, by Lyris, Inc. and Hot Banana against Streetbrains.[1] For the following reasons, defendants' motion to dismiss and request for default judgment are granted.

---

[1] *See* Counterclaim of Hot Banana Software, Inc. and Lyrics, Inc. for Breach of Contract, Account Stated, Open Book Account & Quantum Meruit. I have reviewed the materials submitted in connection with defendants' request for a default judgment and find them to be adequate.

2

## II. LEGAL STANDARD

There is ample authority for district courts to dismiss an action with prejudice because of a plaintiff's failure to prosecute.[2] This power is expressly recognized in Rule 41(b) of the Federal Rules of Civil Procedure, which states:

> Involuntary Dismissal: Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.[3]

In determining whether dismissal is appropriate under Rule 41(b), courts must balance the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[4]

---

[2] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). *Accord Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999) (affirming district court's dismissal under Rule 41(b) for failure to prosecute).

[3] Fed. R. Civ. P. 41(b). An order of dismissal pursuant to Rule 41(b) is within the sound discretion of the district court. *See Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

[4] *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998).

3

A district court need not exhaust the above factors in order to be affirmed on appeal.[5]

## III. DISCUSSION

It is well established "that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."[6] "Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney."[7] Therefore, at the time I granted counsel's motion to withdraw in December 2009, Streetbrains was barred from proceeding further without retaining new counsel. Although Streetbrains' managing member was informed of this rule, Streetbrains refused to retain new counsel.

Streetbrains' refusal to hire new counsel represents a complete abdication of any intention to further prosecute the instant action. Without new counsel, any outstanding discovery could not be completed and a trial date could

---

[5] *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[6] *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983).

[7] *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (citation omitted).

not be set. Plaintiff was on notice that if it did not retain new counsel, this case would be dismissed. Furthermore, defendants would be seriously prejudiced absent a formal closing of this action, which has languished since December 2009. Thus, a balancing of the above factors yields the inescapable conclusion that this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to prosecute is granted as is defendants' request for default judgment. A separate Judgment will be entered with regard to the default judgment. The Clerk of the Court is directed to close the motion to dismiss (Document # 31) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 18, 2011

- **Appearances** -

**Plaintiff (Pro Se):**

Larry Margolis
Managing Member
Streetbrains.com, LLC
5 Carriage Hill Road
West Harrison, NY 10604

**For Defendants:**

Bridget B. Laurent, Esq.
Drummond & Associates
201 Mission Street, Suite 1330
San Francisco, CA 94105
(415) 433-2261